

RECEIVED
CHARLOTTE, N.C.

JUL 27 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In the Matter of the Arbitration Between: | ) ) ) |
| | Docket No. 3:05MC269 |
| PG&E Energy-Power, L.P., | ) ) |
| -against- | ) AAA Nos. 16-198-00206-03 ) & 16-198-00207-03 |
| Southaven Power, LLC, | ) (pending in arbitration) ) |
| and | ) ) |
| Caledonia Generating, LLC, | ) **CONSENT PROTECTIVE ORDER** ) |

THIS MATTER is before the Court by consent of Cogentrix

Energy, Inc. ("Cogentrix") and NEGT Energy Trading-Power, L.P.,

formerly known as PG&E Energy Trading-Power, L.P. ("ET Power")

in connection with the pending Non-Party Cogentrix Energy Inc.'s

Motion to Quash Arbitration Subpoena.  By the foregoing consent,

the parties ask the Court to enter this Order with the following

terms governing the handling and disclosure of documents and

other materials or information provided by Cogentrix to ET Power

in connection with the arbitration pending before the American

Arbitration Association (AAA Nos. 16-198-00206-03 & AAA Nos. 16-

198-00207-03) and styled as PG&E Energy Trading-Power, L.P. v.

Southaven Power, LLC, and Caledonia Generating, LLC.  (the

"Arbitration").

ON CONSENT of the undersigned IT APPEARING TO THE COURT
THAT:

1.    Cogentrix is not a party to the Arbitration;

2.    ET Power has sought through a subpoena issued by the
Arbitration panel and dated June 17, 2005 (the "Subpoena")
certain designated documents from non-party Cogentrix for use in
that Arbitration;

3.    Cogentrix disputes the scope and nature of the
Subpoena and has served written objections to the Subpoena upon
counsel of ET Power, and moved to quash and for other
appropriate relief in the United States District Court for the
Western District of North Carolina in the above-captioned
Miscellaneous matter.

4.    Cogentrix has nevertheless expressed a desire to
simply produce certain documents to ET Power provided that that
be done by agreement, with due regard for Cogentrix's own
confidentiality concerns and its confidentiality obligations to
even more remote non-parties, and Cogentrix and ET Power are
working toward agreement on these issues, subject to the
formation and execution of a Confidentiality Agreement attached
hereto as an Exhibit;

5.    There exists in the Arbitration an agreement among the
Parties styled as "Protective Order" and executed on or about
April 29, 2005 by the respective counsel for Southaven Power,

LLC, Caledonia Generating LLC, and PG&E Energy Trading-Power LP (the "Arbitration Protective Order", attached hereto as an Exhibit).

6. ET Power has represented to Cogentrix that the above-referenced Arbitration Protective Order has been entered by the Arbitration panel and, in any event, governs the handling of non-party discovery in the Arbitration and forcefully binds all the parties thereto;

7. Cogentrix and ET Power desire and feel it appropriate to provide additional protection by means of the Confidentiality Agreement and the entry of this Order, to which they consent;

NOW, THEREFORE, the Court ORDERS:

1. That this Order is to provide additional protection to Cogentrix and its contractual counter-parties who may be even more remote from this Arbitration, over and above the protections already afforded by the Arbitration Protective Order and the Confidentiality Agreement.

2. That all materials produced by Cogentrix to ET Power ("Cogentrix Documents") are and shall be deemed "Strictly Confidential" within the meaning of the Arbitration Protective Order, that Cogentrix need not undertake to stamp on them any protective legend (i.e., "Strictly Confidential"), and that ET Power

shall stamp any Cogentrix Document with the legend "Strictly Confidential" before producing or sharing it with the Arbitration panel, any court, any party thereto, or any other person.

3.  That for the purposes of any Cogentrix Documents, the provisions of the Confidentiality Agreement are incorporated herein by reference.

4.  That ET Power will not file any Cogentrix Document in any court, except that such Cogentrix Document be filed under seal and, to the extent that ET Power intends to file said Cogentrix Document before a court or learns that any Cogentrix Document has been filed with any court (even assuming that such Cogentrix Document was filed under seal as required) shall immediately provide written notice to Cogentrix via:

    Cogentrix Energy, Inc.
    Attn: General Counsel
    9405 Arrowpoint Blvd.
    Charlotte, NC 28273-8110
    and

    C. Richard Rayburn, Jr.,
    Rayburn Cooper & Durham
    227 West Trade Street, Suite 1200,
    Charlotte, NC 28202

    and give actual additional notice by the most timely means of communications available to:

    C. Richard Rayburn, Jr.,
    Rayburn Cooper & Durham

227 West Trade Street, Suite 1200,
Charlotte, NC 28202

5.   That all other notices required to be served under the
     Confidentiality Agreement or the Arbitration
     Protective Order shall be, insofar, as it concerns any
     Cogentrix Document, also served upon Cogentrix by the
     means and addresses indicated in Paragraph No. 45
     hereof.

6.   That any person, including directors, officers or
     employees of the parties or their affiliates, and
     employees of the respective counsel given access to
     any Cogentrix Document shall be bound by the terms of
     this Order and the Confidentiality Agreement, and any
     persons who are given access to such Cogentrix
     Document shall, prior to being given such access, be
     required to execute a Non-Disclosure Agreement in the
     form of the Confidentiality Agreement's Attachment A.

7.   That in the event of any disagreement between
     Cogentrix and ET Power with respect to any Cogentrix
     Document(s), the Confidentiality Agreement any
     Cogentrix Document, the appropriate forum for
     resolution of that dispute shall be the United States
     District Court for the Western District of North
     Carolina, Charlotte Division.

8. That with respect to the Cogentrix Documents, ET Power will return all originals and copies to Cogentrix within 21 days of the entry of the Arbitration award or other final order of disposition of the Arbitration or when the Arbitration otherwise concludes, whichever first occurs. That is, ET Power shall not, except in the event of Cogentrix's written permission to the contrary, merely certify the destruction of all Cogentrix Documents as otherwise provided by the Arbitration Protective Order, but must return and account for them all to Cogentrix. ET Power shall undertake to procure the return of all originals and copies of said Cogentrix Documents from any party or person to whom it has provided Cogentrix Documents and shall undertake to procure the return of such Cogentrix Documents as may have been filed and/or submitted to the Arbitration panel or any other court, including Cogentrix Documents filed under seal.

9. This Consent Protective Order does not abrogate the contractual rights of the parties under their Confidentiality Agreement.

_____
U.S. District Court Judge

CONSENT:

By: _____

James B. Gatehouse
RAYBURN COOPER & DURHAM, P.A.
N.C. State Bar No. 22811
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
(704) 334-0891
Attorneys for Cogentrix Energy, Inc.


By: _____

Samuel W. Cruse, III
GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
(713) 650-8850
(713) 750-0903(facsimile)
Attorneys for PG&E Energy Trading-Power LP

# CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is made this 21st day of July, 2005 by Cogentrix Energy, Inc. ("Cogentrix") and NEGT Energy Trading-Power, L.P., formerly known as PG&E Energy Trading-Power, L.P. ("ET Power") governing the handling and disclosure of documents and other materials or information provided by Cogentrix to ET Power in connection with the arbitration pending before the American Arbitration Association (AAA Nos. 16-198-00206-03 & AAA Nos. 16-198-00207-03) and styled as PG&E Energy Trading-Power, L.P. v. Southaven Power, LLC, and Caledonia Generating, LLC. (the "Arbitration").

WHEREAS, Cogentrix is not a party to the Arbitration;

WHEREAS, ET Power has sought through a subpoena issued by the Arbitration panel and dated June 17, 2005 (the "Subpoena") certain designated documents from non-party Cogentrix for use in that Arbitration;

WHEREAS, Cogentrix disputes the scope and nature of the Subpoena and has served written objections to the Subpoena upon counsel of ET Power, and moved to quash and for other appropriate relief in the United States District Court for the Western District of North Carolina.

WHEREAS, Cogentrix has nevertheless expressed a desire to simply produce certain documents to ET Power provided that that be done by agreement, with due regard for Cogentrix's own confidentiality concerns and its confidentiality obligations to even more remote non-parties, and Cogentrix and ET Power are working toward agreement on these issues, subject to the formation and execution of this Confidentiality Agreement;

WHEREAS, there exists in the Arbitration an agreement among the Parties styled as "Protective Order" and executed on or about April 29, 2005 by the respective counsel for

1



Southaven Power, LLC, Caledonia Generating LLC, and PG&E Energy Trading-Power LP (the "Arbitration Protective Order").

WHEREAS, ET Power represents to Cogentrix that the above-referenced Arbitration Protective Order has been entered by the Arbitration panel and, in any event, governs the handling of non-party discovery in the Arbitration and forcefully binds all the parties thereto;

WHEREAS, Cogentrix desires, and feels an obligation to secure additional protection by means of this Confidentiality Agreement;

NOW, THEREFORE, Cogentrix and ET Power hereby agree as follows:

1.  That the Arbitration Protective Order is binding and governs ET Power with respect to any production of documents or materials or information by Cogentrix and that Cogentrix is entitled to all the protections specified thereunder.

2.  That this Agreement is to provide additional protection to Cogentrix and its contractual counter-parties who may be even more remote from this Arbitration, over and above the protections already afforded by the Arbitration Protective Order and that the terms of the Arbitration Protective Order are incorporated herein, except that in the event of conflict between the Arbitration Protective Order and this Confidentiality Agreement, this Confidentiality Agreement and its terms shall govern.

3.  That all materials produced by Cogentrix to ET Power ("Cogentrix Documents") are and shall be deemed "Strictly Confidential" within the meaning of the Arbitration Protective Order, that Cogentrix need not undertake to stamp on them any protective legend (i.e., "Strictly Confidential"), and that ET Power shall stamp any Cogentrix Document with the legend "Strictly Confidential" before

producing or sharing it with the Arbitration panel, any court, any party thereto, or any other person.

4.  That for the purposes of any Cogentrix Documents, Cogentrix shall be the "the designating party" within the meaning of Paragraph No. 5 of the Arbitration Protective Order.

5.  That notwithstanding the provisions of the Arbitration Protective Order, most notably Paragraph No. 5 thereof, ET Power will not file any Cogentrix Document in the United States Bankruptcy Court the District of Maryland, or in any other court, except that said Cogentrix Document be filed under seal and, to the extent that ET Power intends to file said Cogentrix Document before a court or learns that any Cogentrix Document has been filed with any court (even assuming that such Cogentrix Document was filed under seal as required) shall immediately provide written notice to Cogentrix via:

    Cogentrix Energy, Inc.
    Attn: General Counsel
    9405 Arrowpoint Blvd.
    Charlotte, NC 28273-8110
    and

    C. Richard Rayburn, Jr.,
    Rayburn Cooper & Durham
    227 West Trade Street, Suite 1200,
    Charlotte, NC 28202

    and give actual additional notice by the most timely means of communications available to:

    C. Richard Rayburn, Jr.,
    Rayburn Cooper & Durham
    227 West Trade Street, Suite 1200,
    Charlotte, NC 28202

6.    That all notices required to be served under Paragraph Nos. 6 and 7 of the Arbitration Protective Order shall be, insofar, as it concerns any Cogentrix Document, also served upon Cogentrix by the means and addresses indicated in Paragraph No. 5 hereof.

7.    That any person, including directors, officers or employees of the parties or their affiliates, and employees of the respective counsel given access to any Cogentrix Document shall be bound by the terms of this Confidentiality Agreement, including the terms of the Arbitration Protective Order as incorporated herein, and any persons who are given access to such Cogentrix Document shall, prior to being given such access, execute a Non-Disclosure Agreement in the form attached hereto as Attachment A

8.    That in the event of any disagreement between Cogentrix and ET Power with respect to any Cogentrix Document(s), this Confidentiality Agreement (including the terms of the Arbitration Protective Order incorporated therein, insofar as the latter relates to any Cogentrix Document), Cogentrix and ET Power agree that the appropriate forum for resolution of that dispute shall be the United States District Court for the Western District of North Carolina, Charlotte Division.

9.    That in that event of a breach of these obligations hereunder, Cogentrix would be gravely harmed, there would be no adequate remedy at law for Cogentrix and that, notwithstanding Cogentrix's right to pursue damages, Cogentrix would also be entitled to seek injunctive relief. ET Power agrees that such a breach would be proper grounds for Cogentrix to seek and obtain relief from the automatic stay in bankruptcy to proceed against ET Power as set forth above.

10. That notwithstanding the provisions of the Arbitration Protective Order, that with respect to the Cogentrix Documents, ET Power will return all originals and copies to Cogentrix within 21 days of the entry of the Arbitration award or other final order of disposition of the Arbitration or when the Arbitration otherwise concludes, whichever first occurs. That is, ET Power shall not, except in the event of Cogentrix's written permission to the contrary, merely certify the destruction of all Cogentrix Documents as otherwise provided by the Arbitration Protective Order, but must return and account for them all to Cogentrix. ET Power undertakes to procure the return of all originals and copies of said Cogentrix Documents from any party or person to whom it has provided Cogentrix Documents and undertakes to procure the return of such Cogentrix Documents as may have been filed and/or submitted to the Arbitration panel or the United States Bankruptcy Court for the District of Maryland or any other Court, including Cogentrix Documents filed under seal.

11. That ET Power shall consent to and cooperate in the entry by the United States District Court for the Western District of North Carolina of a consent protective order, executed contemporaneously herewith, consistent with and manifesting the terms of this Confidentiality Agreement.

CONSENT:

By:_____

James B. Gatehouse
RAYBURN COOPER & DURHAM, P.A.
N.C. State Bar No. 22811
227 West Trade Street, Suite 1200
Charlotte, North Carolina 28202
(704) 334-0891
Attorneys for Cogentrix Energy, Inc.

By: _(signature)_
Samuel W. Cruse, III
GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
(713) 650-8850
(713) 750-0903(facsimile)
Attorneys for PG&E Energy Trading-Power LP

## ATTACHMENT A

## NON-DISCLOSURE AGREEMENT AND
## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have been given an opportunity to read the Confidentiality Agreement entered on or about July 21, 2005, ("Confidentiality Agreement")[1] between Cogentrix Energy, Inc. and NEGT Energy Trading Power, L.P. f/k/a PG&E Energy Trading Power, L.P. ("ET Power"), that I understand it, and that I agree to be bound by its terms.

I agree that I will not at any time reveal or discuss the contents of the documents, materials or information ("Cogentrix Documents") furnished to me that are subject to the Confidentiality Agreement with anyone, except as expressly authorized thereby I agree that all such material shall be deemed as "Strictly Confidential" as per the Confidentiality Agreement and will be used by me only in connection with the Arbitration (see footnote), and that such material must not be used by me for any other purpose, including, but not limited to, any business or commercial activity or any other litigation, arbitration or claim.

I further agree that in the event that I cease to have any involvement in the Arbitration: (i) I shall promptly return all Cogentrix Documents to the party or counsel from whom I received it, and (ii) I shall maintain the confidentiality of the Cogentrix Documents disclosed to me.

Finally, I agree to submit to the jurisdiction of the U.S. District Court for the Western District of North Carolina for the purposes of the enforcement of the Confidentiality Agreement.

Dated:_____        _____

Name:  _____

---

[1] It is understood that the protections of the Confidentiality Agreement are undertaken in addition to the Protective Order entered by the arbitration panel in the proceeding ("Arbitration") before the American Arbitration Association ("AAA") entitled: *In the Matter of the Arbitration between PG&E Energy Power, L.P., against Southaven Power, LLC and Caledonia Generating, LLC,* AAA Nos. 16-198-00206-03 & 16-198-00207-03.

## BEFORE THE
## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In the Matter of the Arbitrations between | ) |
| | ) |
| PG&E Energy Trading – Power, L.P., | ) |
| | ) |
| Claimant, Counter-Respondent, | ) |
| | ) |
| and | ) **AAA Nos.** |
| | ) **16-198-00206-03** |
| | ) **& 16-198-00207-03** |
| | ) |
| Southaven Power, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| Caledonia Generating, LLC, | ) |
| | ) |
| Respondents, Counter-Claimants | ) |
| | ) |

## PROTECTIVE ORDER

Upon the request of the parties for the entry of a Protective Order governing the disclosure of confidential and/or proprietary business information, trade secrets or other highly confidential, non-public, personal or proprietary information ("Protected Information"), disclosure of which could be detrimental or harmful to the designating party, it is hereby

ORDERED that, in connection with discovery in this matter and any written submissions, hearings, or other proceedings herein, the documents or information designated as "Confidential" or "Strictly Confidential" shall be used, shown, or disclosed only as follows:



1.     A party in this matter, or other person ("Producing Party"), producing information, tangible things or documents ("Discovery or Hearing Materials") may designate and label Discovery or Hearing Materials revealed or produced by that person as "Confidential" if it reasonably believes that such Discovery or Hearing Materials contain Protected Information.  Any Producing Party may also designate and label as "Strictly Confidential" only such portions of the Protected Information that it believes, in its good faith judgment, contain market-sensitive or proprietary information or trade secrets.  Parties may also use the designation "Highly Confidential" which will have the same meaning as "Strictly Confidential."

2.     Protected Information is any information, including commercial and personal information, that is confidential.  Protected Information shall include such information in Discovery or Hearing Materials in their original form, and in any excerpt, summary or other version (including notes, drafts, transcripts, and pleadings that refer to such information).

3.     A Producing Party may designate documents or other tangible Discovery or Hearing Materials as Confidential or Strictly Confidential by placing on each document or thing a legend reading "CONFIDENTIAL" or "STRICTLY CONFIDENTIAL," as appropriate.  When producing documents for inspection, a Producing Party may, by any reasonable means, designate documents as Confidential or Strictly Confidential; and the appropriate legend may be placed on the documents in the copying process.  If a Producing Party inadvertently produces Discovery or Hearing Material without marking it with an appropriate legend, the

Producing Party may give written notice that the Discovery or Hearing Material is Confidential or Strictly Confidential; and it shall thereafter be treated as such.

4.      A party or testifying person may designate a deposition or other testimony as Confidential or Strictly Confidential by indicating on the record that the testimony is Confidential or Strictly Confidential at the time it is given or by sending written notice that the testimony is Confidential or Strictly Confidential within fifteen (15) days after receipt of the transcript.  All information disclosed during a deposition shall be deemed Confidential until the time within which it may be designated has passed.

5.      No person shall be given access to any Strictly Confidential Discovery or Hearing Material other than those listed below, without the prior written consent of the designating party or further order of this Panel:

(a)      Outside counsel of record for a party in this case, or employees of such counsel to whom disclosure is made for purposes of this arbitration;

(b)      Five individuals designated by each party.  Each party shall identify its five designated individuals in writing to the other parties.  The parties have the right, on five days notice to the other parties to this agreement, to substitute different individuals for those designated.

(c)      Experts retained by the parties for assistance in this arbitration, if they agree in writing to be bound by the terms of this Order;

3

(d)    The Panel and its staff involved in the arbitration process;

(e)    Copy or computer services personnel, for the purposes of copying or indexing documents, provided that all documents are retrieved by the party furnishing them upon completion of the service;

(f)    Witnesses employed by the designating party; and

(g)    The United States Bankruptcy Court for the District of Maryland.

Any person receiving access to Strictly Confidential Discovery Materials pursuant to this paragraph shall use such materials solely for purposes of this arbitration and any judicial proceedings relating to this arbitration, except that, in the case of proceedings in United States Bankruptcy Court for the District of Maryland, *In re: PG&E National Energy Group, et al.*, Chapter 11, Case No.: 03-30459 (PM) and 03-30461 (PM) through 03-30464(PM), Jointly Administered under Case No.: 03-30459 (PM) ("proceedings in the Bankruptcy Court"), it shall suffice for the party presenting Confidential or Strictly Confidential Discovery or Hearing Material to the Bankruptcy Court to inform the Court of the confidential or strictly confidential nature of the information and to make best efforts to have the information kept under seal, or otherwise protected from disclosure, to the extent permitted by the rules of the Bankruptcy Court.

6.     No person shall be given access to any Confidential Discovery or Hearing Material other than those listed below, without the prior written consent of the designating party or further order of this Panel:

(a)     Officers, directors and employees of the parties, witnesses, and potential witnesses, but only for the purposes of this arbitration.

(b)     Those categories of individuals designated in paragraph 5 above.

Any person receiving access to any Confidential Discovery or Hearing Material pursuant to this paragraph shall use such material solely for purposes of this arbitration and any judicial proceedings relating to this arbitration, except that, in the case of proceedings in the Bankruptcy Court, it shall suffice for the party presenting Confidential or Strictly Confidential Discovery or Hearing Material to the Bankruptcy Court to inform the Court of the confidential or strictly confidential nature of the information and to make best efforts to have the information kept under seal, or otherwise protected from disclosure, to the extent permitted by the rules of the Bankruptcy Court.

7.     (a)     As provided in this paragraph 7, pleadings submitted in the arbitrations, Orders entered by the Arbitrators, and transcripts of hearings in the arbitrations ("Arbitration Materials") may be shared with up to five individuals ("Arbitration Material Recipients") designated by each of the following entities: (i) the parties; (ii) Cogentrix Energy, Inc.; and (iii) any holder of at least four percent

(4%) of the equity or debt of a party. A party desiring to provide to any Arbitration Material Recipient any Arbitration Materials containing Confidential or Strictly Confidential information shall, before doing so, wait ten (10) business days after the e-mail distribution of Arbitration Materials in order that each party that designated information Confidential or Strictly Confidential shall have a full opportunity to request redactions in the Arbitration Materials. If a party wants information it designated as Confidential or Strictly Confidential to be redacted from Arbitration Materials before such Arbitration Materials are provided to any Arbitration Material Recipients, that party shall communicate its redactions to the other parties within ten (10) business days after the e-mail distribution of Arbitration Materials, after which period a party may disclose Arbitration Materials to Arbitration Material Recipients without further opportunity for redaction. Confidential information and Strictly Confidential information in Arbitration Materials shall be redacted before being provided to any Arbitration Material Recipient if, during the ten-day period, redaction is requested by the party that originally designated such information as Confidential or Strictly Confidential.

  (b)  Arbitration Materials may also be provided to individuals authorized to receive Strictly Confidential or Confidential information (and their counsel), and such individuals shall not count against the limit of five individuals stated in paragraph 7(a). Before providing Arbitration Materials to an individual authorized to receive Confidential information but not Strictly Confidential information, a party shall wait ten (10) business days after the e-mail distribution of Arbitration Materials, after which period the party may disclose Arbitration Materials to

6

Arbitration Material Recipients without further opportunity for redaction. If during that period a party that designated information in the Arbitration Materials as Strictly Confidential requests redactions, the party providing the Arbitration Materials to an individual shall redact the Strictly Confidential Information from the Arbitration Materials.

8.      Protected Information may be used in connection with submissions to the Panel, in preparation for and at any hearing in this arbitration, and otherwise in connection with this arbitration, and may be used in connection with any judicial proceeding in connection with this arbitration, including the proceedings in the Bankruptcy Court, but shall not be used for any other purpose, including, but not limited to, any other litigation, arbitration or claim.

9.      Counsel for the parties shall maintain a list of the names, addresses, and telephone numbers of all persons to whom Strictly Confidential Discovery or Hearing Materials are disclosed, and shall make that list available to opposing counsel at the conclusion of the case upon request.

10.     Directors, officers, and employees of the parties or their affiliates, and employees of their respective counsel who are given access to any Confidential or Strictly Confidential Discovery or Hearing Material shall be bound by the terms of this Protective Order with regard to nondisclosure. Persons other than those sepcified in Paragraph 5(a), (d), and (g) of this Order who are given access to such materials shall, prior to being given such access, execute a Non-Disclosure Agreement in the form attached hereto as Attachment A.

11.    In advance of the use of any Protected Information with a witness or deponent, counsel intending to use Protected Information with the witness or deponent shall advise him or her of this Order and of his or her obligation to adhere to its terms.  Among other things, the witness or deponent shall not to use such information for any purpose whatsoever outside this arbitration, shall not disclose such information, in any form or by any means, to anyone other than persons authorized to receive the Protected Information under the terms of this Order, absent an agreement by the parties or permission from the Panel, and shall take appropriate precautions to ensure that prohibited disclosure does not occur.  The witness or deponent shall also sign the Non-Disclosure Agreement in the form attached hereto as Attachment A before, or as soon as practicable after, giving the testimony referred to in this paragraph.

12.    In the event that a party receiving information, a document, or a tangible thing marked "Confidential" or "Strictly Confidential" ("Receiving Party") objects to the designation, counsel for the Receiving Party shall provide the Producing Party written notice of, and the basis for, the objection(s).  The parties shall use their best efforts to resolve the objection(s) by agreement.  If the parties are unable to resolve the objection(s), the Receiving Party may seek a ruling from this Panel with respect to the propriety of the designation.  The Producing Party shall cooperate in obtaining a prompt ruling.  The burden of proving that the documents and/or information has been properly designated shall at all times remain with the Producing Party.

13.    If Protected Information is included in any papers to be filed

with the Panel, the Protected Information shall be labeled accordingly.

14.     Nothing in this Order shall be construed to prohibit the disclosure of Protected Information to the Producing Party or to any of its current directors, officers, or employees.

15.     Nothing in this Order shall be deemed in any way to restrict the use of documents or information that has been lawfully obtained or is publicly available to a party independently of discovery in this arbitration, whether or not the same material has been obtained during the course of discovery in this arbitration and whether or not such documents or information has been designated "CONFIDENTIAL" or "STRICTLY CONFIDENTIAL."

16.     Nothing in this Order shall be deemed to prohibit disclosure of any document designated "CONFIDENTIAL" or "STRICTLY CONFIDENTIAL" to any person who appears on the face of the document to be its author or a recipient.

17.     If a Receiving Party receives a document request, subpoena, civil investigative demand, or other process calling for production or other disclosure of Protected Information obtained in this arbitration from a Producing Party, the Receiving Party shall promptly notify the Producing Party and, thereafter, to the extent lawful and practical, shall conduct itself with respect to such request, subpoena, demand or process so as to give the Producing Party a fair opportunity to present its position with respect thereto to the decision-maker in the proceeding in which the request, subpoena, demand or process has been issued. Nothing in this Order shall require a Receiving Party to fail to perform any legal duty with respect to such a request, subpoena, demand or process, or to go into

9

contempt.

18.  Subject to the second sentence of this paragraph, not later than thirty days after the final disposition of this arbitration, including any judicial proceedings relating thereto, each Receiving Party shall return to each Producing Party or shall destroy all Protected Information that the Receiving Party received from the Producing Party in connection with this arbitration, including any duplicates or copies thereof and any other materials containing Protected Information.  The immediately preceding sentence shall not apply to any deposition or hearing transcripts or exhibits, memoranda or other submissions to the Panel or to a court, or other attorney work product, except to the extent they contain Protected Information that has been designated Strictly Confidential.  If and to the extent that a Receiving Party destroys Protected Information, it shall certify such destruction to the Producing Party.  Counsel for a Receiving Party may keep in on-site or off-site storage the Protected Information counsel is permitted to retain under this paragraph, if such counsel (a) signs a notarized statement substantially in the form of Attachment B, which includes a complete inventory of the documents containing such Protected Information and the time of their receipt, and (b) provides such statement and the inventory to the Producing Party.

19.  If any Protected Information is furnished under this Order to any expert or to any other person, counsel for the party retaining such expert or furnishing the Protected Information shall be responsible to ensure that it is returned to counsel and disposed of in compliance with this Order.  Counsel for

10

the party returning or destroying Protected Information obtained from a party in this arbitration shall sign a notarized statement substantially in the form of Attachment C certifying that, to the best of his or her knowledge, he or she has complied with this paragraph.

20. The terms of this Order shall survive any final disposition of this arbitration.

21. If any party finds that any of the terms of this Order impedes its ability to prepare or present its case, or is otherwise objectionable, that party may seek appropriate modification of the Order from the Panel.

AGREED BY:

By: _[signature]_____
Richard M. Cooper
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005-
(202) 434-5000
(202) 434-5029 (facsimile)
Counsel for Southaven Power, LLC

By: _[signature]_____
Joseph L. Kociubes
BINGHAM MCCUTCHEN
150 Federal Street
Boston, MA 02110-1726
(617) 951-8337
(617) 951-8736 (facsimile)
Counsel for Caledonia Generating, LLC

By: _[signature]_____
J. Christopher Reynolds
GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
(713) 650-8850
(713) 750-0903 (facsimile)
Counsel for PG & E Energy Trading – Power LP


April 29, 2005

_____
For the Panel

12

## ATTACHMENT A

### NON-DISCLOSURE AGREEMENT AND
### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I hereby acknowledge that I have been given an opportunity to read the Protective Order entered on May __, 2005, ("Protective Order") in the proceeding before the American Arbitration Association ("AAA") entitled: *In the Matter of the Arbitrations between PG&E Energy Trading – Power, L.P., Claimant, Counter-Respondent, and Southaven Power, LLC, and Caledonia Generating, LLC Respondents, Counter-Claimants*, AAA Nos. 16-198-00206-03 & 16-198-00207-03 ("the Arbitration"), that I understand it, and that I agree to be bound by its terms.

I agree that I will not at any time reveal or discuss the contents of the documents, materials or information furnished to me in the course of the Arbitration that are subject to the Protective Order with anyone, except as expressly authorized by the Protective Order, or as otherwise required by the Panel. I agree that any material designated as Protected Information that is furnished to me will be used by me only in connection with this arbitration, and that such material must not be used by me for any other purpose, including, but not limited to, any business or commercial activity or any other litigation, arbitration or claim.

I further agree that in the event that I cease to have any involvement in the Arbitration: (i) I shall promptly return all Protected Information to the party or counsel from whom I received it, or I shall destroy it and shall notify such counsel of the destruction; and (ii) I shall maintain the confidentiality of the Protected Information disclosed to me.

13

Finally, I agree to submit to the jurisdiction of the AAA for the purposes of the enforcement of the Protective Order.

Dated: _____                    _____

                                                   Name: _____

**ATTACHMENT B**

**NOTIFICATION TO PRODUCING PARTY THAT COUNSEL FOR PARTY RETURNING PROTECTED INFORMATION INTENDS TO MAINTAIN ARCHIVAL COPIES**

      I hereby acknowledge, as counsel for _____, that, as permitted by the Protective Order entered on May __, 2005, ("Protective Order") in the proceeding before the American Arbitration Association ("AAA") entitled: *In the Matter of the Arbitrations between PG&E Energy Trading – Power, L.P., Claimant, Counter-Respondent, and Southaven Power, LLC, and Caledonia Generating, LLC Respondents, Counter-Claimants*, AAA Nos. 16-198-00206-03 & 16-198-00207-03 ("the Arbitration"), I intend to maintain an archival copy of certain Protected Information provided to me in that arbitration.  I include with this notification an inventory of all documents containing "Protected Information" (as defined in the Protective Order) that I received on behalf of my client during the course of the Arbitration.  I agree that I will continue to be bound by the terms of the Protective Order regarding the archival copies I maintain and will not share these documents with anyone not authorized to receive them under the terms of the Protective Order.


Dated: _____            _____

                           Name: _____

15

# ATTACHMENT C

## CERITIFICATION OF COMPLIANCE

I hereby certify, as counsel for _____, that the Protected Information furnished by me to _____, under the terms of the Protective Order entered on May __, 2005, ("Protective Order") in the proceeding before the American Arbitration Association ("AAA") entitled: *In the Matter of the Arbitrations between PG&E Energy Trading – Power, L.P., Claimant, Counter-Respondent, and Southaven Power, LLC, and Caledonia Generating, LLC Respondents, Counter-Claimants*, AAA Nos. 16-198-00206-03 & 16-198-00207-03, has been returned to me and will be disposed of as required by paragraph 19 of the Protective Order.

Dated: _____

Print Name: _____